**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Jane Doe,

    Plaintiff,                       Case No:

v.                                     <u>JURY TRIAL DEMANDED</u>

Board of Trustees
Florida International University,

    Defendant.
_____/

**<u>COMPLAINT</u>**

**<u>Preliminary Statement</u>**

1. PLAINTIFF JANE DOE was a graduate student in Defendant's School of Architecture when a Senior Associate Dean sexually assaulted her on or about December 12, 2014.

2. Defendant Florida International University (hereinafter FIU or Defendant) failed to conduct a prompt investigation of Plaintiff's complaint and take appropriate interim measures pending investigation of Plaintiff's complaint of sexual assault in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. §§1681 et. seq.

3. Plaintiff seeks to enforce her rights under Title IX and its implementing regulations.

**<u>JURISDICTION AND VENUE</u>**

4. Jurisdiction of this Court is invoked pursuant to 8 U.S.C. §1331 (federal

1

question).

5. Venue is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

6. At all relevant times, Plaintiff was a graduate student in FIU's School of Architecture.

7. At all relevant times, Plaintiff was a resident of Miami-Dade County, Florida.

8. At all relevant times, Defendant was a public post-secondary educational institution located in Miami- Dade County, Florida.

9. At all relevant times, Defendant was a federal funding recipient as defined by 20 U.S.C. § 1681 (c).

## GENERAL ALLEGATIONS

10. Plaintiff was a graduate student in Defendant's School of Architecture.

11. Plaintiff participated in FIU's semester abroad program in Italy during the Fall Semester 2014.

12. A Senior Associate Dean sexually assaulted Plaintiff while two (2) other female students were nearby on the last night of the program.

13. The Senior Associate Dean, Plaintiff, and two other female students were talking at the Senior Associate Dean's accommodations in Italy on the final night of the program.

14. The Senior Associate Dean provided alcohol to the women while at his Italian accommodation.

15. Plaintiff's memory regarding the evening was fuzzy following ingestion of the alcohol, but she remembered being clothed.

16. However, when Plaintiff woke the next morning, she was naked.

17. Plaintiff was wearing a tampon, which had been forcefully pushed back into her vagina and would not come out that morning.

18. One of the other female students, who apparently stayed the evening at the Senior Associate Dean's accommodations, found a used condom in the bathroom and flushed it down the toilet.

19. One of the other female students told Plaintiff that she saw her "f***ing" the Senior Associate Dean.

20. The Senior Associate Dean sent an email stating that he felt horrible about what he termed "the incident".

21. The sexual assault was reported to Interpol in Italy.

22. Plaintiff sought medical attention and had a rape kit performed.

23. Plaintiff immediately reported the sexual assault to FIU.

24. FIU began an investigation in or about December 2014 or January 2015 which took approximately six (6) or seven (7) months to conclude in July 2015, past the date of Plaintiff's graduation.

25. FIU found the Senior Associated Dean guilty of sexual misconduct in September 2015.

26. The Senior Associate Dean appealed and FIU upheld its findings.

27. While the FIU investigation was pending, the Senior Associate Dean was allowed to remain on campus while Plaintiff finished her last semester of graduate school.

28. FIU deviated from its own policies and failed to set up or provide interim protective measures for Plaintiff during its internal investigation.

29. FIU never discussed interim protective measures with the Plaintiff in deviation of their policies.

30. FIU knew or should have known based on Plaintiff's internal complaint that the Senior Associate Dean worked in the same School of Architecture Plaintiff attended as a graduate student.

31. FIU knew or should have known that it was likely that Plaintiff and the Senior Associate Dean would cross paths during its internal investigation.

32. Upon information and belief, and subject to discovery, FIU never rescheduled Plaintiff's exams; changed the Dean's work schedule; nor asked the Dean to take a voluntary leave of absence or requested a University imposed leave of absence during the pending investigation in deviation of FIU's policies.

33. In April 2015, the husband of another female graduate student complained to FIU that the same Senior Associate Dean the Plaintiff accused of sexual assault was romantically involved with his wife, the same student in the Senior Associate Dean's accommodation in Italy who told Plaintiff that she witnessed the Senior Associate Dean having sex with Plaintiff.

34. FIU has a policy that discourages romantic relationships between employees and students because even when consensual there is a power differential and it can lead to sexual harassment charges.

35. During the course of the investigation, one witness claimed that the Senior Associate Dean was involved in a sexual assault at the University of Tennessee similar to the facts of Plaintiff's complaint.

36. FIU still took no interim measures to remove the Senior Associate Dean from campus following this second complaint against the Senior Associate Dean and witness statement regarding the alleged incident at the University of Tennessee.

37. As a result, the Plaintiff had to see the Senior Associate Dean around campus.

38. Moreover, the Senior Associate Dean made the Plaintiff uncomfortable when he showed up to the Tau Sigma Delta Honor Society, of which Plaintiff was President, award ceremony in April 2015.

39. Later that Spring, the Senior Associate Dean was also in the same room where Plaintiff gave her final thesis presentation prior to the Plaintiff's presentation.

40. As a further result of the Senior Associate Dean's presence in the room where Plaintiff was scheduled to give her final thesis presentation, Plaintiff had an anxiety attack, which interfered with her presentation, thereby causing Plaintiff to lose an educational opportunity.

## **CLAIMS FOR RELIEF**
## **COUNT I. TITLE IX**

41. Plaintiff incorporates paragraphs 1-40 by reference.

42. Based on the foregoing, Defendant discriminated against Plaintiff including but not limited to failing to conduct a prompt investigation of Plaintiff's complaint of sexual assault and failing to implement interim measures pending investigation of Plaintiff's complaint in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681, et. seq. and 34 C.F.R. § 106.31(7).

43. As a result of Defendant's actions as described herein, Plaintiff suffered indignity and humiliation and seeks monetary damages under Title IX, including, but not limited to compensatory damages.[1]

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this honorable Court enter an order:

A) Declaring that Defendant violated Plaintiff's rights under the Title IX as set forth herein; and

B) Granting Judgment in favor of Plaintiff on all counts, including an award of damages as set forth herein, plus costs and attorneys' fees under 42 U.S.C. Section 1988, and other applicable statutes; and

C) Granting such other relief as this Court deems just and proper.

Respectfully Submitted,

s/ *Adria Lynn Silva*
ADRIA LYNN SILVA (Lead Counsel)
Florida Bar No. 0137431
The Law Office of Adria Lynn Silva, L.L.C.
Post Office Box 770849
Naples, Florida 34107-0849
Tel: (239) 514-4855
Cell: (239) 571-2855
AdriaLynnSilva@aol.com;
Adria@AdriaSilvaLaw.com;
Stacey@AdriaSilvaLaw.com

---

[1] Ms. Doe does not seek punitive damages as punitive damages are likely unavailable under Title IX in light of the Supreme Court's decision in *Barnes* v. *Gorman,* 536 U.S. 181, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002) and because Defendant is a public institution.

T. OMAR MALONE (Co-Counsel)
Florida Bar No.: 697796
The Malone Law Firm, P.A.
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Tel: (305) 728-7134
Fax: (305) 728-5288
E-Mail: omar@malonelawfirm.com